IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL HARRIS, | ) | |
| | ) | Civil Action No. 11 - 1469 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| CORRECTIONS OFFICER L.P. FORD, | ) | |
| | ) | ECF No. 20 |
| | ) | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the Motion to Dismiss filed by the sole remaining Defendant, Corrections Officer L.P. Ford. (ECF No. 20.) For the following reasons, the Motion will be granted.

**I.     Procedural History**

Earl Harris ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). He initiated this action by filing a Complaint against Former Secretary of Corrections, Jeffrey A. Beard; SCI-Greene Superintendent, Louis Folino; and Corrections Officer L.P. Ford. (ECF No. 6.) The Complaint alleged, *inter alia*, a denial of Plaintiff's right to access the courts in violation of the First Amendment of the United States Constitution. Defendants filed a Motion to Dismiss on February 15, 2012. (ECF Nos. 11, 12.) On August 16, 2012, the Court dismissed with prejudice Plaintiff's claims against Defendants Beard and Folino and also dismissed with prejudice any due process claim he was attempting to assert in his Complaint. (ECF No. 18.) However, Plaintiff's First Amendment access to courts

1

claim against Defendant Ford was dismissed without prejudice to his right to file an amended complaint. Id. Plaintiff filed his Amended Complaint on September 14, 2012. (ECF No. 19.) Defendant Ford has now moved for dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.) Plaintiff has responded in opposition to the Motion. (ECF No. 23.) As such, the Motion is now ripe for review.

## II. Plaintiff's Allegations

According to public records, Plaintiff is currently serving a life sentence for second-degree murder and other related offenses pursuant to a judgment of sentence imposed by the Court of Common Pleas of Philadelphia County. His judgment of sentence became final on October 26, 1995. See Harris v. Vaughn, 129 F. App'x 684, 685 (3d Cir. 2005). In his Amended Complaint (ECF No. 19), he alleges that he attempted to mail a petition for writ of habeas corpus to the United States District Court for the Eastern District of Pennsylvania on March 21, 2010. He maintains that he placed his petition, along with seven attached exhibits, into an envelope and turned it over to Defendant Ford, whom he observed sign, stamp, and staple his cash slip to his envelope. Afterward, Plaintiff exited the area and did not see whether the envelope was placed into the bag for mailing. Five days later, Plaintiff received a record of his inmate account statement and noticed that the postage fee for his envelope had not been withdrawn. On March 29, 2010, Plaintiff was notified that inmate accounting had not received his cash slip for the envelope containing his habeas petition. Plaintiff accused Defendant Ford of throwing his envelope in the trash and was unsuccessful at grieving his complaint through the inmate grievance system. Plaintiff claims that Defendant Ford violated his First Amendment right to

access the courts because he was prevented from pursuing a meritorious Fourth Amendment claim in a timely filed habeas petition.

### III.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See* Id. at 1949-50; *see also* Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the United States Court of Appeals for the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; Chester County Intermediate Unit v.

Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

## IV. Discussion

Under the First Amendment, prisoners have a right of access to the courts. *See* Lewis v. Casey, 518 U.S. 343 (1996). However, in Lewis, the Supreme Court held that an "actual injury" is a "constitutional prerequisite" for access to the courts claims. Id. at 351. An actual injury is shown only where a nonfrivolous claim, or one of arguable merit, is lost. *See* Christopher v. Harbury, 536 U.S. 403, 415 (2003); *see also* Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). The Third Circuit has explained that a plaintiff must specifically state in his complaint the underlying claim with the requirements of Federal Rule of Civil Procedure 8 to the same degree as if the underlying claim was being pursued independently. Christopher, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "'arguable' nature of the underlying claim is more than hope." Id. at 416. Additionally, the plaintiff must clearly allege in the complaint the official acts that frustrated the underlying litigation and must also specifically identify a remedy that may be awarded as recompense in a denial of access case that would not be available in any other future litigation. Id. at 414.

In the Court's previous Order dated August 16, 2012, Plaintiff was informed that his access to courts claim was insufficient to state a claim upon which relief may be granted because he did not identify the underlying, nonfrivlous claim for which he was allegedly prohibited from pursuing. Therefore, it was unknown whether he suffered an actual injury due to Defendant Ford's alleged actions. However, Plaintiff was afforded the opportunity to file an amended complaint to correct this alleged deficiency and he was specifically instructed to identify his underlying state criminal conviction that he was seeking to challenge in his habeas petition and the underlying nonfrivolous legal claim that he was unable to litigate. Plaintiff, however, did

6

neither and there are insufficient facts in his Amended Complaint to establish that he suffered an actual injury due to the alleged mishandling of the envelope in question.

Moreover, Plaintiff's explanation for why he was prevented from resubmitting his habeas petition in the Eastern District of Pennsylvania is insufficient to pursue his access to courts claim.  In his response in opposition to Defendants' Motion (ECF No. 23), Plaintiff states that his habeas petition was drafted by a jailhouse lawyer while he was temporarily incarcerated in Muskegon, Michigan, and that he was unable to make a copy of the petition prior to submitting it for mailing upon his return to SCI-Greene.  He contends that he was unable to resubmit the petition because he is not well versed in the law and he has always depended on jailhouse lawyers to assist him in filing court documents.  Thus, Plaintiff actually contends that he was unable to file his habeas petition not because of the alleged loss of the envelope but because he was unable to get the help of the jailhouse lawyer who originally assisted him in preparing his habeas petition while in Michigan.  This, however, is insufficient because Plaintiff has not alleged that the loss of the envelope was the actual reason for why he was unable to file his federal habeas petition.

Nevertheless, a review of the computerized docket system for the Eastern District of Pennsylvania reveals that Plaintiff has already challenged his underlying conviction in a petition for writ of habeas corpus filed in 2000.  *See* Harris v. Vaughn, Civil No. 2:00-cv-6083-ER (E.D. Pa. 2000).  The district court dismissed the habeas petition as untimely, Plaintiff appealed and the Third Circuit Court of Appeals subsequently affirmed.  *See* Harris v. Vaughn, 129 F. App'x 684 (3d Cir. 2005).  Therefore, it is clear that any subsequent petition Plaintiff would have filed in connection with his underlying conviction would have been a second or successive petition for which the district court would have lacked jurisdiction to entertain.  In this regard, Plaintiff

7

would have had to have been granted permission to file such a second or successive petition from the Third Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A).  A review of the computerized docket system for the Third Circuit Court of Appeals reveals that Plaintiff did not have leave to file such a petition.  For this reason, Plaintiff cannot demonstrate that he suffered an actual injury as a result of the alleged mishandling of his habeas petition and his denial of access to the courts claim must be dismissed with prejudice.  *See* <u>Meeks v. Peterman</u>, No. 10-474, 2011 U.S. Dist. LEXIS 63467, at *10-11 (D. Nev. May 11, 2011).

**AND NOW**, this 1st day of April, 2013;

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED** and Plaintiff's access to courts claim is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

                                                      Lisa Pupo Lenihan
                                                      Chief United States Magistrate Judge

cc:   Earl Harris
       BX-9566
       SCI Greene
       175 Progress Drive
       Waynesburg, PA  15370
       *Via U.S. Postal Mail*

       Counsel of Record
       *Via ECF Electronic Mail*